IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICKIE JAYNE ALLMAN, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>ANDREW M. SAUL, )<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 19-884 |

AMBROSE, Senior District Judge.

## **OPINION AND ORDER**

### **Synopsis**

Plaintiff Vickie Jayne Allman ("Allman") seeks judicial review of the Social Security Administration's denial of her claim for disability insurance benefits ("DIB") under the Social Security Act. Allman alleges a disability onset date of January, 2013. (R. 349) ALJ Kaczmarek initially denied her claim in 2014 after finding Allman able to perform light work with certain restrictions. (R. 12-22) Following an appeal, I remanded the case for further consideration given an insufficient explanation of the basis for his evaluation of the medical opinions. On remand, ALJ Kaczmarek again denied her claim following a hearing at which both Allman and a vocational expert ("VE") appeared and testified. Allman then appealed. Before the Court are the parties' cross-motions for summary judgment. *See* ECF Docket Nos. 9, 16 and 18. For the reasons below, the ALJ's decision is affirmed.

### **Opinion**

1

1. <u>Standard of Review</u>

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot review de novo the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision about the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-7, 67 S.

Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

As stated above, the ALJ denied Allman's claim for benefits. At step one of the five step analysis, the ALJ found that Allman has not engaged in substantial gainful activity since the application date. (R. 351) At step two, the ALJ concluded that Allman suffers from the following severe impairments: cervical degenerative disc disease; simple partial seizures; mixed type of headaches with migraines; obesity; major depressive disorder; and generalized anxiety disorder. (R. 351) At step three, the ALJ concluded that Allman does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 352-354) Between steps three and four, the ALJ found that Allman has the residual functional capacity ("RFC") to perform light work with certain restrictions. (R. 354-360) At step four, the ALJ found that Allman has no past relevant work. (R. 360) At the fifth step of the analysis, the ALJ concluded that, considering Allman's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. (R. 360-361) As

such, the ALJ concluded that Allman was not under a disability during the relevant period. (R. 361)

### III. Discussion

Allman contends that the ALJ erred in his assessment of the medical opinion evidence. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 404.1527(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.*, § 404.1527(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only when an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* Unless a treating physician's opinion is given controlling weight, the ALJ must consider all relevant factors that tend to support or contradict any medical opinions of record, including the patient / physician relationship; the supportability of the opinion; the consistency of the opinion with the record as a whole; and the specialization of the provider at issue. *Id.*, § 404.1527(c)(1)-(6). "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.*, § 404.1527(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000), quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). However, "where … the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § [404.1527]([c])(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.
> (1)

*Becker v. Comm'r. of Soc. Sec. Admin.*, 403 Fed. Appx. 679, 686 (3d Cir. 2010). The ultimate issue of whether an individual is disabled under the Act is for the Commissioner to decide. Thus, the ALJ need not afford special weight to a statement by a medical source that a claimant is "disabled" or "unable to work." *See* 20 C.F.R. § 404.1527(d)(1), (3); *Dixon v. Comm'r. of Soc. Sec.*, 183 Fed. Appx. 248, 251-52 (3d Cir. 2006) ("[O]pinions on disability are not medical opinions and are not given any special significance.").

Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r. of Soc. Sec.*, 577 F.3d 500, 505 (3d Cir. 2009). The ALJ must provide sufficient explanation of his final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r. of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008).

After careful consideration, I am not persuaded by Allman's arguments. Her argument is simply a disagreement with the ALJ's evaluation of the evidence regarding Drs. Prather, Deines, and Schiller. The standard, however, is not whether there is evidence to establish his position but whether there is substantial evidence to support the ALJ's findings. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). "Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance." Hundley v. Colvin, Civ. No. 16-153, 2016 WL 6647913, at * 2 (W.D. Pa. Nov. 10, 2016), citing, Jesurum v. Sec'y. of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995).

The ALJ thoroughly considered and detailed Dr. Prather's opinion. He gave her opinion "some" weight, acknowledging that she is "a treating psychiatrist ('once a month for medication checks') and because the record supports a finding that the claimant has limitations resulting from her mental impairments." (R. 358) He provided a meticulous explanation as to why he declined to give "controlling" weight to Dr. Prather's opinion. He noted that her findings lacked support, they were not consistent with substantial evidence of record, and they were not supported by medically acceptable clinical and / or laboratory diagnostic techniques. (R. 358) These are appropriate reasons for discounting opinion evidence. Inconsistency with the record is an appropriate reason for discounting opinion evidence. See 20 C.F.R. § 404.1527; 416.927. The ALJ cited to substantial evidence in support of his position. (R. 358-59)

The ALJ similarly engaged in a thorough discussion on Dr. Deines' opinions and explained why he gave them "some" weight. (R. 359) For instance, the ALJ noted that the limitations Deines assigned to Allman stemmed from a single isolated examination.

(R. 359) He also concluded that Deines relied too heavily upon Allman's subjective complaints and that Denies' restrictions are not supported by the totality of the evidence. (R. 359) Again, these are valid reasons for discounting opinion evidence. See 20 C.F.R. § 404.1527; 416.927. *See also, Hatton v. Comm'r. of Soc. Sec.,* 131 Fed. App'x. 877, 879 (3d Cir. 2005) ("[a] medical source does not transform [a] claimant's subjective complaints into objective findings simply by recording them….") The ALJ also cited to substantial evidence of record in support of his conclusions in this regard. (R. 359, citing Exs. 5F, 14F, 16F, 17F, 18F, 19F, and 21F).

Finally, the ALJ engaged in a rigorous discussion of Dr. Schiller's opinion and findings. As with Drs. Prather and Denies, the ALJ gave Dr. Schiller's opinion "some" weight. (R. 359) The ALJ explained that Schiller "is well qualified by reason of training and experience in reviewing an objective record and formulating an opinion as to limitations." (R. 359) He also observed that Schiller's assessment is generally consistent with and supported by the medical records documenting mental status examinations. (R. 359-360) Consistency with other evidence is a valid reason for according weight to opinion evidence. See 20 C.F.R. 404.1527; 416.927. Substantial evidence supports the ALJ's findings in this respect. (R. 360, citing Exs. 5F, 14F, 16F, 17F, 18F, 19F, and 21F).[1]

In essence, the ALJ needed to choose between various medical opinions and give greater weight to those opinions and reports more aligned with the treatment records,

---

[1] Allman also challenges the ALJ's formulation of the RFC, but that challenge is predicated upon Dr. Prather's and Dr. Deines' opinions. Because substantial evidence of record supports the weight the ALJ accorded the medical opinions, there is no basis for reversing or vacating the ALJ's RFC determination. I reach a similar conclusion on Allman's challenge at step three of the sequential analysis of the Listings. Her argument in this respect also stems from Drs. Prather's and Deines' opinions.

the testimony, and activities of daily living. My task is not to re-weigh the evidence but to determine whether the ALJ's decision is supported by substantial evidence of record. The ALJ's assessment of the evidence in this case complied with the dictates of the law and is supported by substantial evidence of record. Thus, under the deferential standard of review that governs appeals of Social Security disability determinations, the ALJ's decision is affirmed.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICKIE JAYNE ALLMAN )<br>    Plaintiff, )<br>)<br>-vs- )<br>)<br>ANDREW M. SAUL, )<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>    Defendant. ) | Civil Action No. 19-884 |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 14th day of May, it is hereby ORDERED that the Plaintiff's Motions for Summary Judgment (Docket No. 9, 16) is DENIED and the Defendant's Motion for Summary Judgment (Docket No. 18) is GRANTED. It is further ORDERED that the ALJ's decision is AFFIRMED. This case shall be marked "Closed" forthwith.

                              BY THE COURT:

                              _____
                              Donetta W. Ambrose
                              United States Senior District Judge